THE PEOPLE OF THE STATE OF NEW YORK ex rel. CASPER C. CHILDS, JR., RESPONDENT, v. GEORGE W. CARTWRIGHT, PRESIDENT OF THE VILLAGE OF SING SING, APPELLANT.

*Contempt of court — punishment for — interrogatories — when they need not be filed.*

The provisions of the statute, in relation to contempts, providing that when the defendant shall have been brought into court upon an attachment, the court shall cause interrogatories to be filed, specifying the facts and circumstances, and require him to answer the same, are only applicable to cases in which the act or omission constituting the contempt is either denied or not admitted ; and when such act or omission is expressly admitted by the defendant, it is unnecessary that interrogatories should be filed.

Appeal by defendant from an order adjudging him guilty of contempt of court.

A writ of *mandamus* was served on the defendant, commanding him to sign a certain draft upon the treasurer of the village of Sing Sing for the payment of seventy-two dollars and seventy-five cents to the relator. The defendant did not sign the draft.

*I. T. Williams*, for the appellant.

*Samuel Watson*, for the respondent.

Dykman, J.:

A writ of *mandamus* was served on the defendant on the 12th day of January, 1877, commanding him to sign a certain draft, or show cause at Special Term on the twentieth day of the same month. The defendant did not sign the draft on the twentieth day of January, neither did he appear to show any cause for not doing so, and upon the return of the writ on that day, and also upon proof of the service of it, and that its requirements had not been complied with, an attachment was ordered on the same day against the defendant, returnable on the twenty-seventh day of the same month. The defendant signed the draft on the twenty-third day of January, and on being brought before the court on the attachment, on the twenty-seventh, so far purged his contempt that no punishment was imposed upon him therefor, but he was required to pay the costs of the proceedings, amounting to thirty-four dollars.

Now, although the defendant seems to have had no intention of treating the order of the court with disrespect, yet he had not complied with it on the twentieth, and an attachment was the appropriate method of enforcing obedience thereto, and that was the proper time for it to issue. The proceeding, therefore, was entirely regular and proper down to that time.

Objection is now made that the conviction was not legal, because no interrogatories were filed, and the statute does require that when any defendant, arrested upon an attachment, shall have been brought into court, or shall have appeared therein, the court shall cause interrogatories to be filed, specifying the facts and circumstances against the defendant and requiring his answer thereto.

This statute, however, contemplates a case in which the act or omission, constituting the contempt, is either denied or not admitted ; whereas, in this case, the omission to sign the draft stood confessed, and the order shows that the defendant appeared on the return day of the attachment, and admitted that he had not complied with the requirements of the writ of *mandamus.* Surely it was not necessary, after this admission, to enter into interrogatories which could only have for their object the eliciting of this same confession.

It cannot be held that the legislature has prescribed a certain formula to be observed in all cases, whether there is any necessity for it or not.

The object of the statute is to prescribe a mode of getting something tangible on the record upon which the court can act — some evidence that the party proceeded against is guilty of a contempt. In this case, the same end had been attained before the order was made, and there was no necessity for any interrogatories.

The judge, making the order, exercised a very lenient discretion in favor of the defendant, and only obliged him to pay the costs and expenses which had been incurred in consequence of his failure to obey the command of the court, contained in the writ of *mandamus ;* certainly nothing less could have been required. The costs had been made and it was proper they should be paid, and as the defendant had caused them to be made, it was but just that he should pay them. We find no error, and the order appealed from must be affirmed, with costs.

GILBERT, J., concurred ; BARNARD, P. J., not sitting.

Order affirmed, with costs and disbursements.